IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHNNY EARL GNEGY
    Plaintiff,
v.      *    CIVIL ACTION NO. RDB-17-1100

LISA THAYER WELCH, *States Attorney for Garrett County*
BRIAN FROSH, *Maryland Attorney General*
    Defendants.

*****

## MEMORANDUM OPINION

On April 21, 2017, plaintiff Johnny Earl Gnegy, a resident of Oakland, Maryland, filed this self-represented, fee-paid 42 U.S.C. § 1983 civil rights action seeking compensatory and punitive damages, as well as the expungement of a "protective order" and records. He names the State's Attorney for Garrett County Maryland and the Attorney General of Maryland as Defendants. ECF No. 1.

Gnegy states that he hired individuals to perform work on his home, the work was done in a tortious manner, he filed a civil suit in state court against the individuals, and the civil suit was settled. Gnegy claims that during the pendency of that suit the individuals sought a peace order against him, whereupon a state court judge sentenced Gnegy to 90 days in jail, with 60 days suspended, probation and community service. In addition, an appeal bond was imposed. Affording the Complaint a generous construction, Gnegy sues the Assistant State's Attorney alleging that she withheld a police report during his sentencing. Gnegy does not specify what information was contained in this report, but references a "notice of discovery" and contends that he was not interviewed by the police in the peace order case. *Id.*, pp. 9-10. No allegations are directly raised against Attorney General Frosh.

Gnegy has paid the full filing fee. Nonetheless, it is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith. Therefore, this Court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lack standing, that subject matter jurisdiction does not exists, or that a case fails to state a claim. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). The Court finds that the instant matter is subject to dismissal for the failure to state a claim.

The state court docket shows that on February 23, 2015, Gnegy was found guilty of the failure to comply with a peace order, fined and sentenced to 90 days, with 60 days suspended. He remains on probation. *State v. Gnegy*, Case No. 5X0023371 (District Court for Garrett County). His appeal was heard in the Circuit Court for Garrett County and he was again found guilty of the failure to comply with a peace order on April 23, 2015, at which time he was given a 30-day sentence, with 15 days suspended, and a one-year period of unsupervised probation was imposed. *State v. Gnegy*, Case No. 11K15005185 (Circuit Court for Garrett County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Gnegy's Complaint for damages may not proceed for a number of reasons. First, his claim against State's Attorney Welch is not colorable in a § 1983 action seeking damages. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77

(4th Cir. 1996). General decisions regarding what evidence to submit during the course of a prosecution fall within those prosecutorial functions.

Additionally, insofar as Gnegy's Complaint may be generously construed to raise a Complaint against Attorney General Frosh, he has failed to state a claim. Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997). Gnegy has failed to allege any personal liability of the part of Frosh.

To the extent that Gnegy is alleging that Frosh is liable in his supervisory capacity for his "training and oversight" of his subordinates, namely State's Attorney Welch, he has likewise failed to state a claim. Under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff can establish three elements. These are: (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' "; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted). Under the first prong of *Shaw,* the conduct engaged in by the supervisor's subordinates must be "pervasive," meaning that the "conduct is widespread, or at least has been used on several different occasions." *Id.*

The Office of the Attorney General of Maryland has no direct supervisory authority over individual state's attorney's offices and their staff. Indeed, the State's Attorney's Office is

independent from the Office of the Attorney General of Maryland. *See generally Murphy v. Yates*, 276 Md. 475 (1975).

For the aforementioned reasons, the Complaint shall be dismissed without effecting service on Defendants.

Date: MAY 17, 2017

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

4